**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**CHRISTOPHER BUCKENBERGER**                   **CIVIL ACTION**

**VERSUS**                                                **NO. 17-2862**

**JANE TRICHE MILAZZO**                        **SECTION "B"(2)**

## ORDER AND JUDGMENT

On May 24, 2017, this Court ordered Plaintiff Christopher Buckenberger to show cause in writing by June 5, 2017 why his claims should not be dismissed as frivolous and otherwise barred by judicial immunity. Rec. Doc. 10 at 2. On June 6, 2017, the Court received two written responses. Rec. Docs. 11-12.[1]

In his first response, Plaintiff states that "LEMEL [sic] shall not 'threaten' . . . with dismissal in any event . . . ." Rec. Doc. 11 at 1.[2] He appears to accuse this Court of bias or misconduct when he states that "RC here with EXISTENTIALISM/SUBSTANTIVE (above) shows he is being PUNISHED BY LEMEL (pg -3- here) whereby LEMEL extra . . . judicial bias plausibly presumed (political) ulterior motives

---

[1] It is not clear when these responses were signed and mailed by Plaintiff. The first is dated April 27, 2017, nearly a month before the Court issued the show cause order. *See* Rec. Doc. 11 at 13. The second suggests that it was submitted on June 4, 2017. *See* Rec. Doc. 12 at 1. In the interest of justice, the Court will assume that both responses were timely filed by the June 5, 2017 deadline.
[2] Plaintiff cites to various cases and rules throughout his responses—none of which persuade this Court that his suit is meritorious. For example, here he cited to *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988), considering whether or not failure to file a notice of appeal in accordance with Federal Rule of Appellate Procedure 3(c)'s specificity requirement presents a jurisdictional bar to an appeal, and Federal Rule of Appellate Procedure 2, providing that a court of appeals may "suspend any provision of these rules in a particular case and order proceedings as it directs . . . ."

1

<u>subversively/related</u>/DOJ RICO SCHEMES remove efforts!" *Id.* at 6-7 (emphasis in original).

He further suggests that this Court lacks jurisdiction and failed to consider the supplemental memorandum he filed in conjunction with his motion to remand. Rec. Doc. 11 at 1-3. However, the Court did consider the supplemental memorandum, a rambling thirty-one pages of incoherent arguments, like those made here, filed more than a week before the Court issued its show cause order. *See* Rec. Doc. 8. Both his original motion and his supplemental memorandum failed to provide any coherent, legal basis for remand. Plaintiff also states that the Court failed to consider "(a) to (d)" or "pgs 5 to 10." Rec. Doc. 11 at 4. However, the Court considered Plaintiff's motion and supplemental memorandum in their entirety—to the extent that the Court could decipher Plaintiff's arguments.[3]

He also maintains that Defendants failed to provide a "mandate" when they removed the action to federal court. Rec. Doc. 11 at 5. In fact, he repeatedly refers to a "mandate" throughout his response. *Id.* at 6-9, 12-14. It is unclear what Plaintiff is referring to, but the United States clearly removed the matter pursuant to 28 U.S.C. §§ 517, 1442(a)(1). Rec. Doc. 1 at 1.[4]

---

[3] It remains unclear what portion of the motion or supplemental memorandum Plaintiff is referring to when he cites to "(a) to (d)" and "pgs 5 to 10."
[4] These statutes provide that any Department of Justice officer "may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United

2

Plaintiff's second response seems to focus on the withholding of this "mandate." Rec. Doc. 12 at 1-4.[5] However, he also attaches the Fifth Circuit's September 10, 2009 judgment in *Christopher Buckenberger v. Walter Reed, et al.*, Civil Action No. 06-7393, Section "F," Rec. Doc. 145. In that judgment, the Fifth Circuit held that Plaintiff's claims of false testimony were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and that his claims of excessive force were foreclosed by *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996); those claims were therefore properly dismissed by the district court. Rec. Doc. 12 at 7, 10-11.[6] However, the Fifth Circuit also held that Plaintiff's Fourth Amendment rights were violated because a probable cause hearing was not held within forty-eight hours of his warrantless arrest. *Id.* at 8-9. The arresting officer, Defendant Haywood Jarrell, was potentially liable for this violation under Louisiana law. *Id.* at 9-10.

The docket entry describes the Fifth Circuit's judgment in the following way:

> USCA JUDGMENT issued <u>as mandate</u> on 9/9/2009 as to 132 Notice of Appeal filed by Christopher Buckenberger,

---

States, or in a court of a State" and that a state court action involving any officer of the United States, "for or relating to any act under color of such office," may be removed to the federal district court embracing the place wherein it is pending.

[5] The cases cited by Plaintiff do not shed any light onto the matter. *See, e.g., Estates of Sorrells v. City of Dallas*, 192 F.R.D. 203, 208-09 (N.D. Tex. 2000) (noting that defendants should affirmatively plead the defense of qualified immunity "at the earliest possible stage in litigation"). Here, Defendants clearly pled judicial immunity in their notice of removal. *See* Rec. Doc. 1 at ¶ 8.

[6] For the purposes of this Order, the Court will cite to the Fifth Circuit's opinion as it is attached to Plaintiff's response.

ordered and adjudged that the judgment of the District Court is affirmed in part and reversed in part, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

(Emphasis added). This may be the "mandate" to which Plaintiff repeatedly refers. Plus, Plaintiff highlighted the following passage from the judgment:

> There is a question as to whether the other named defendants as well as "unidentified parties" shared in the liability for the violation of Buckenberger's Fourth Amendment rights. "It may be that some, or perhaps none, of the named defendants can be held responsible" for the constitutional violation. Buckenberger never had an opportunity for discovery because the district court never ordered service of process on the defendants other than Jarrell. Discovery may yield <u>additional parties responsible</u> for the violation of Buckenberger's Fourth Amendment rights. "When a pro se plaintiff's suit raises a constitutional claim, but he has inadvertently sued the wrong parties, he should [be] given leave to amend to <u>sue the appropriate party or parties</u>." Buckenberger's allegations show a probable constitutional violation by someone. Therefore, we remand this issue to the district court for further proceedings.

Rec. Doc. 12 at 10 (emphasis added by Plaintiff) (citations and footnotes omitted). Thus, Plaintiff may be under the mistaken belief that the Fifth Circuit authorized him to file the instant action because he believes Defendants are the "responsible" and "appropriate" parties. However, Judges Jane Triche Milazzo, Martin L.C. Feldman, Daniel E. Knowles, and Michael B. North, all of whom were named in Plaintiff's petition, were not responsible for Plaintiff's delayed probable cause hearing. The only other Defendant named in this action is Gerald J. Neilsen, who

4

represented Plaintiff's arresting officer, Jarrell, in the underlying action. *See Christopher Buckenberger v. Gerald J. Nielsen, et al.*, Civil Action No. 15-1785, Section "H"(5), Rec. Doc. 15 at 4.

Plaintiff failed to show cause why this matter should not be dismissed as frivolous and otherwise barred by judicial immunity. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of Defendants and against Plaintiff, dismissing Plaintiff's claims in the above-captioned matter with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

New Orleans, Louisiana, this 13th day of June, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE