**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**CHRISTOPHER BUCKENBERGER**                          **CIVIL ACTION**

**VERSUS**                                            **NO. 17-2862**

**JANE TRICHE MILAZZO, ET AL.**                       **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court is "Plaintiff's (Motion) to "Alter-Amend" the USDC (Erroneous) Judgment of Aug. 27, 2017." Rec. Doc. 20. Plaintiff appears to seek reconsideration of the Court's denial (Rec. Doc. 19) of his application to appeal *in forma pauperis* (Rec. Doc. 17). Neither Defendants nor the United States have filed a response. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 20) is **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought suit in Louisiana state court against United States District Judges Jane Triche Milazzo and Martin L.C. Feldman, United States Magistrate Judges Daniel E. Knowles, III, and Michael B. North, and attorney Gerald Neilsen. Rec. Doc. 1-2 at 1, 3-4. The United States, acting as an interested party, removed the action from state court. Rec. Doc. 1. Plaintiff filed motions challenging removal and seeking remand, but the Court denied Plaintiff's motion to set aside removal and dismissed as frivolous Plaintiff's motion to remand. Rec. Doc. 10. The Court also ordered Plaintiff to show cause why the Court should not

1

dismiss the action as frivolous and find his claims barred by judicial immunity. *Id.* Plaintiff's responses were unavailing (Rec. Docs. 11, 12); the Court dismissed Plaintiff's claims with prejudice and entered judgment in favor of Defendants. Rec. Doc. 13. Plaintiff timely filed a notice of appeal. Rec. Doc. 14.

Plaintiff also applied for leave to appeal *in forma pauperis*. Rec. Doc. 17. The United States opposed Plaintiff's application and argued that it failed to meet the requirements of 28 U.S.C. § 1915(g). Rec. Doc. 18. That section requires a plaintiff seeking to appeal *in forma pauperis* to show an "imminent danger of serious physical injury" when at least three of his previous *in forma pauperis* actions have been "dismissed on the grounds that [they] were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Court denied Plaintiff's application because (1) Plaintiff did not satisfy 28 U.S.C. § 1915(g) and (2) Plaintiff did not take appeal in good faith given that his action was frivolous, his claims were barred by judicial immunity, and he had not complied with an earlier court order. Rec. Doc. 19. Plaintiff then filed the instant motion to amend the Court's denial of his application. Rec. Doc. 20.

**LAW AND ANALYSIS**

"A Rule 59(e) motion . . . is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

been offered or raised before" the order was issued.[1] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Chapman v. LHC Grp., Inc.*, 126 F. Supp. 3d 711, 719 (E.D. La. 2015). Because Plaintiff offers no new factual or legal arguments in support of his application to appeal *in forma pauperis*, there are no grounds for amending the Court's denial of Plaintiff's application.[2]

A plaintiff's ability to litigate an action *in forma pauperis* is governed by statute. *See* 28 U.S.C. § 1915. The Court relied on two statutory limitations when denying Plaintiff's application. *See* Rec. Doc. 19. The first states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C.

---

[1] Plaintiff's motion is properly analyzed under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days after the Court denied Plaintiff's application to appeal *in forma pauperis*. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).

[2] This is especially true given that Federal Rule of Appellate Procedure 24 provides a path for a plaintiff to challenge a district court's denial of an application to appeal *in forma pauperis*. When a district court "denies a motion to proceed on appeal *in forma pauperis*" or "certifies that the appeal is not taken in good faith[,]" it must issue notice to that effect. Fed. R. App. P. 24(a)(4) (emphasis added). "[W]ithin 30 days after service of the notice[,]" "[a] party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals[.]" Fed. R. App. P. 24(a)(5) (emphasis added); *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If the court of appeals decides that the application to appeal *in forma pauperis* was properly denied by the district court, the plaintiff must pay the requisite fees and costs before proceeding with his appeal. *Baugh*, 117 F.3d at 202. But if the court of appeals disagrees with the district court's denial, and concludes that the plaintiff is entitled to appeal *in forma pauperis*, the court of appeals will proceed to the merits of the appeal. *Id.*

§ 1915(a)(3) (emphasis added). The second is the so-called "three strikes" provision, which forbids a prisoner from pursuing an appeal *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* § 1915(g).

A plaintiff's appeal is not in good faith unless it "involves legal points arguable on their merits (and [is] therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The Court certified in writing that Plaintiff's appeal was not taken in good faith because his claims are frivolous, the defendants have judicial immunity, and Plaintiff failed to comply with a court order. *See* Rec. Doc. 19. Plaintiff offers no arguments to rebut the Court's conclusion that his application is not in good faith.

Plaintiff's application also runs afoul of the "three strikes" provision in 28 U.S.C. § 1915(g) because Plaintiff has accrued three strikes from prior unsuccessful *in forma pauperis* litigation, but has not "alleg[ed] that he is under imminent danger of serious physical injury." Rec. Doc. 19; *see also Buckenberger v. Louisiana DPS & C*, No. 15-732-JWD-EWD, 2016 WL 707024, at *2-5

4

(M.D. La. Feb. 22, 2016)(concluding that the same Plaintiff who filed the instant motion "had 'three strikes,' and, consequently, had to satisfy the imminent danger exception" before proceeding *in forma pauperis*). Plaintiff has challenged neither the Court's conclusion that he must show an imminent danger of serious physical injury before appealing *in forma pauperis*, nor the conclusion that he has failed to make such a showing.

New Orleans, Louisiana, this 4th day of October, 2017.

                                                            _____
                                                            SENIOR UNITED STATES DISTRICT JUDGE